W. W. COATES & CO. *vs.* ALLEN K. WILSON.

PROVIDENCE—MAY 28, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

G. was indebted to C., and gave the latter's salesman a mortgage, which was recorded, and subsequently assigned to C. L. attached the mortgaged property and caused it to be sold, and C. claimed the proceeds of the sale towards paying his mortgage claim.

*Held,* that the taking and recording of the mortgage in the name of the salesman was not a fraud upon the rights of the attaching creditor,

*Held,* further, that the record of the mortgage was notice to the world that the property described therein was subjoct to the incumbrance, and was sufficient to put all persons interested upon enquiry.

*Held,* further, that the mortgage having been on record longer than the statutory time within which proceedings could have been instituted to avoid it, the defendant had no valid defence to the plaintiff's action.

Excepting in insolvency, a transfer of property which operates as a preferencc is good.

CASE for satisfaction of plaintiffs' mortgage claim from proceeds of sale, under attachment, of the mortgaged property. Heard on defendant's petition for a new trial.

MATTESON, C. J. The mortgage, under which the plaintiffs claim the proceeds of the property attached by the

defendant in the suit of I. M. Lincoln & Co. v. Charles E. Greene & Co., was originally taken from Greene & Co. by Thomas J. Gurry, a salesman of the plaintiffs, in his own name, but for the benefit of the plaintiff. It was put on record by Gurry, and subsequently transferred by him to the plaintiffs. The attachment was not made until more than sixty days had elapsed from the date of the record of the mortgage. The defendant resists the plaintiff's right to recover on the ground that the taking and recording of the mortgage of the plaintiffs in the name of Gurry operated as a fraud on the rights of the attaching creditors, because if it had appeared on the record as a mortgage to the plaintiffs, the attaching creditors might have suspected that it had been given as security to the plaintiffs for an indebtedness of the mortgagors to them, and could have proceeded against Greene & Co. in insolvency within the sixty days to have the mortgage set aside.

We do not think that the taking and recording of the mortgage in the name of Gurry can be regarded as a fraud upon the rights of the attaching creditors. The mortgage, having been put on record, was notice to all the world that the property of the mortgagors included in it was subject to the encumbrance, and was enough to have put all persons interested in the affairs of the mortgagors upon inquiry. It is not denied but that the plaintiffs had a valid claim against the debtors to the amount for which the mortgage was given, and it was no fraud upon the rights of the others for them to take security from the debtors if they could obtain it, even if the giving of the security might result in a preference to them unless proceedings in insolvency were seasonably taken to avoid the security. Except for such proceedings a transfer of property which operates as a preference is good. *Elliott* v. *Benedict*, 13 R. I. 463; *Austin* v. *Sprague*, 14 R. I. 464; *Perkins* v. *Hutchinson*, 17 R. I. 450. The mortgage in the present instance having been on record for more than the sixty days within which proceedings could have been instituted to avoid it, the defendant had no valid defence to the plaintiffs' action.

The petition for a new trial is therefore denied, and the case is remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*George T. Brown*, for plaintiffs.

*Jacob W. Mathewson*, for defendant.